UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISMARI TORRES,<br><br>Plaintiff,<br><br>v.<br><br>BLITT AND GAINES, PC and CAPITAL ONE BANK (USA), NA,<br><br>Defendants. | CIVIL ACTION<br>1:18-cv-05148<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

Now Comes the Plaintiff, ISMARI TORRES ("Ismari"), by and through her attorneys, Whiteside & Goldberg, Ltd., complaining of the Defendants, BLITT AND GAINES, PC ("Blitt") and CAPITAL ONE BANK (USA), NA ("Capital One") ("collectively Defendants"), as follows:

**NATURE OF THE ACTION**

1. Ismari brings this action as a consumer to secure redress from unlawful debt collection practices engaged in by Defendants. Ismari alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA").

2. Jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. §1331, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202 and 735 ILCS 5/2-701.

1

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants conduct business in the Northern District of Illinois and the conduct complained of occurred within this district.

## PARTIES

4. Plaintiff, Ismari Torres ("Ismari"), is natural person residing in Machesney Park, Illinois.

5. Ismari is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Blitt and Gaines, PC ("Blitt") is an Illinois corporation with its principal place of business located at 661 Glenn Ave., Wheeling, Illinois 60090. Blitt conducts and transacts business throughout Illinois. Blitt's Illinois registered agent is Fred N. Blitt, 661 Glenn Ave., Wheeling, Illinois 60090.

7. Blitt is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, debts asserted to be owed to another.

8. At all times relevant to this complaint, Blitt was collecting on a consumer "debt," as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Defendant, Capital One Bank (USA), NA ("Capital One"), is a financial institution with its headquarters in McLean, Virginia. Capital One conducts and transacts business throughout Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

### Collection Case Improper Venue

10. Ismari resides in Machesney Park, Illinois.

11. Machesney Park is located in Winnebago County, Illinois.

12. The Winnebago County Courthouse is roughly six miles from Ismari's home; the drive would take her about fifteen minutes. *See* Exhibit A, Google Maps driving directions from Ismari's home to the Winnebago County Courthouse.

13. On or about June 11, 2018, Capital One, through its attorneys, Blitt, filed lawsuit against Ismari in the Circuit Court of Cook County, seeking to collect an alleged consumer credit card debt ("collection case").

14. The collection case was filed in the Forth Municipal District of Cook County ("Maywood Courthouse").

15. The Maywood Courthouse is over eighty miles from Ismari's home; the drive there would take her about two hours. *See* Exhibit B, Google Maps driving directions from Ismari's home to the Maywood Courthouse.

16. It is unfair and against the law for Defendants to file and pursue the collection case against Ismari in a venue so far from where she resides.

### False Service of Process

17. Ismari's brother, who shares the last name Torres, resides in Cicero, Illinois with his fiancé, Jennifer.

18. On or about July 10, 2018, a sheriff served Jennifer with the collection case summons and complaint at the couple's home in Cicero ("brother's house").

19. The sheriff did not ask if Ismari resided at her brother's house, stating only, "I'm looking for Ismari Torres. Make sure she gets this as soon as possible."

20. In Illinois, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, or (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode. *See* ILCS 735 ILCS 5/2-203.

21. Thus, service of the collection case summons and complaint on Jennifer at Ismari's brother's house, where Ismari does not reside, was improper.

22. On or about July 10, 2018, Defendants filed a proof of service in the collection case, claiming that they had effectuated "substitute service" of the collection case summons and complaint upon Ismari in accordance with law. *See* Exhibit C, a copy of the collection case court docket.

23. The filing of the false proof of service is deceptive, not only to Ismari, who is unfamiliar with the rules of process service, but also to the state court.

**False Pleadings and Lack of Attorney Review**

24. On or about July 14, 2018, having learned of the collection case, Ismari went to her brother's house in order to retrieve the summons and complaint that were improperly served on Jennifer.

4

25. Attached to the collection case complaint, Ismari discovered what purports to be the final Capital One statement allegedly sent to her brother's house ("final statement"). *See* Exhibit D, a copy of the collection case summons, complaint and exhibits.

26. Defendants allege in the collection case complaint, which sets forth an account stated theory of liability against Ismari, that the final Capital One statement was "provided to [Ismari] prior to charge-off." *Id.*

27. Ismari also learned that Blitt had sent correspondence on attorney letterhead to her brother's house prior to filing the collection case demanding payment. *See* Exhibit E, a copy of the payment demand, dated March 28, 2018 ("payment demand").

28. Ismari did not receive the final statement or the payment demand until she retrieved them from her brother's house on July 14, 2018.

29. Ismari did not expect to receive correspondence at her brother's house because she does not reside there and she never provided that address to Capital One or Blitt.

30. Had Defendants conducted any meaningful review of the facts prior to sending the payment demand or filing the collection case, they would have discovered the incorrect address.

31. Instead, Defendants falsely represented to Ismari and the state court that: the final statement had been provided to Ismari; the collection case venue is proper in the Maywood Courthouse; and they had properly served Ismari in accordance with the law.

**Willfulness/Recklessness**

32. Defendants file so many collection lawsuits that it is not possible for them to verify the allegations set forth therein.

33. In fact, Defendants' business model relies on obtaining a high percentage of default judgments against consumers rather than proving their claims in court.

34. Upon information and belief, Defendants knew or should have known that Ismari does not reside at her brother's house prior to the filing of the collection case.

35. Nonetheless, Defendants proceeded with the collection case in a distant venue in order to deter Ismari from challenging their claims in court.

36. Defendants' conduct demonstrates that they are willing to deceive consumers and the state court, as well as their willingness to ignore the fundamental principles of due process.

37. Defendants' unfair and deceptive conduct runs afoul the very essence of the FDCPA and other consumer protection statues.

38. Defendants' conduct demonstrates a willful and/or reckless indifference to the law and to the rights of consumers to be treated fairly.

**Damages**

39. Upon learning of the collection case, and unsure what to do, Ismari made the four-hour drive to and from her brother's house in Cicero to retrieve collection case summons and complaint as soon as she could.

40. Defendants' unfair business practices and collection actions have caused Ismari to suffer additional economic loss, including costs incurred consulting with attorneys for clarification.

41. Defendants' unfair business practices and collection actions have also caused Ismari to suffer confusion, panic, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(Against Blitt)**

42. Ismari repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Blitt violated 15 U.S.C. §§1692e(3), e(10), f, and i(a)(2) through its debt collection efforts.

44. Blitt violated 15 U.S.C. §1692e(3) by sending its payment demand to Ismari and pursuing the collection case without first conducting a meaningful review into the facts. Any such review would have reviled the incorrect address.

45. Blitt violated 15 U.S.C. §1692e(10) by falsely representing that Ismari had been provided with the final statement, that the collection case venue was proper, and that Ismari had been properly served.

46. Blitt violated 15 U.S.C. §1692f by employing unfair and unconscionable means in connection with the collection of a debt. The deception and unfair conduct described above amounts to an abuse of the state court system and an utter disregard for consumer rights.

47. Blitt violated 15 U.S.C. §1692i(a)(2) by filing the collection case in a venue distant from where Ismari resides.

48. As pleaded in paragraphs 39 through 41, Ismari has suffered damages as a result of Blitt's illegal collection efforts.

49. As a result of Blitt's violations of the FDCPA, and in consideration of the willful and reckless disregard for the law, Ismari is entitled to a declaratory judgment that Blitt's actions violate the FDCPA, as well as an award of actual damages, statutory damages, legal fees and costs pursuant to 15 U.S.C. §1692k(a)(1), (2) and (3).

WHEREFORE, Plaintiff, ISMARI TORRES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the FDCPA;

b. awarding actual damages in an amount to be determined at trial;

c. awarding statutory damages of $1,000 as prescribed by the FDCPA;

d. awarding costs and reasonable attorneys' fees as provided under the FDCPA and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
**(Against Capital One)**

50. Ismari repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

51. Ismari is a "person," as defined by the ICFA, 815 ILCS 505/1(c).

52. Ismari is a "consumer," as defined by the ICFA, 815 ILCS 505/1(e).

53. At all times relevant to this complaint, Capital One was engaged in "commerce," as defined by the ICFA, 815 ILCS 505/1(f).

54. Through its agent, Blitt, Capital One unfairly filed the collection case in a remote venue and subsequently made the false assertion that Ismari had been properly served.

55. Capital One also made false statements in support of its account stated collection case complaint, claiming that it had provided the final statement to Ismari, when in fact, it had not.

56. Capital One's conduct described above is unfair and against public policy.

57. Capital One intended for Ismari and the state court to rely on its unfair and deceptive conduct.

58. Ismari relied on Capital One's deceptive and unfair conduct by expending time and money traveling to her brother's house to retrieve the collection case complaint and by consulting with attorneys for clarification.

59. As pleaded in paragraphs 39 through 41, Ismari has sustained damages as a result of Capital One's deceptive and unfair business practices.

60. As a result of Capital One's violations of the ICFA, and in consideration of the willful and reckless disregard for the law, Ismari is entitled to a declaratory judgment that Capital One's actions violate the ICFA, as well as an award of actual damages, punitive damages, legal fees and costs.

WHEREFORE, Plaintiff, ISMARI TORRES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the ICFA;

b. awarding actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 27, 2018            Respectfully Submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. ARDC#6309647
Whiteside & Goldberg, Ltd.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
(312) 334-6875
dmcgarry@wglawgroup.com
*Counsel for Plaintiff*